1
2
3
4                      **UNITED STATES DISTRICT COURT**
5                          **DISTRICT OF NEVADA**
6

7   CHRISTINE DONNA JONES,               )
8                    Plaintiff,          )        Case No. 2:15-cv-1454-LDG-GWF
                                         )
9   vs.                                  )        **ORDER**
                                         )
10  WAL-MART STORES, INC.,               )
                                         )
11                   Defendant.          )
    _____  )
12

13          This matter is before the Court on Defendant's Motion to Exclude Plaintiff's Untimely

14  Disclosed Damages and Evidence Pursuant to FRCP 37(c)(1) (#12), filed on February 17, 2016.

15  Plaintiff filed her Opposition (#16) on March 7, 2016, and Defendant filed its Reply (#17) on

16  March 17, 2016.  The Court conducted a hearing in this matter on March 24, 2016.

17          Defendant argues that Plaintiff failed to timely disclose a computation of damages for her

18  future medical expenses as required by Rule 26(a)(1)(A)(iii) and (e) of the Federal Rules of Civil

19  Procedure.  Defendant therefore moves pursuant to Rule 37(c)(1) to exclude all evidence of future

20  medical expense damages disclosed after October 6, 2015.  Plaintiff argues that she did not violate

21  her disclosure obligations under Rule 26(a)(1)(A)(iii) or that any violation is harmless and does not

22  require evidence preclusion.

23                              **BACKGROUND**

24          Plaintiff filed her amended complaint in the Nevada district court on July 10, 2015.

25  Defendant removed the action to this court.  Plaintiff alleges that on August 8, 2014 she slipped

26  and fell on an object located on the floor of a Wal-Mart store in Orange County, California.

27  *Amended Complaint (#1-3),* ¶ 9.  She allegedly sustained injuries to her "bodily limbs, organs and

28  systems, all or some of which condition may be permanent and disabling."  ¶17.  Plaintiff further

1  alleges that she incurred medical expenses for treatment of her injuries and will incur future

2  medical expenses.  ¶ 18.  The Court entered the discovery plan and scheduling order in this case on

3  September 29, 2015.  *Scheduling Order (#10)*.  The scheduling order provided that Rule 26(a)(1)

4  disclosures, "including but not limited to any Computation(s) of Damages" were due by October 7,

5  2015.  Initial expert witness disclosures were due by January 21, 2016 and rebuttal expert

6  disclosures were due by February 22, 2016.  The discovery cutoff date was March 21, 2006.  The

7  Court has not granted any extensions of these deadlines and no trial date has been set.

8  Plaintiff served her First Supplement to Disclosure of Witnesses and Documents Pursuant

9  to FRCP 26(a)(1) on October 6, 2015.  *Defendant's Motion (#12), Exhibit A*.  Plaintiff's disclosure

10  listed her medical providers, including Dr. William S. Muir, and identified medical records and

11  bills by bates numbers.  *Id. pgs. 3, 5*.  Under "Computation of Damages," the disclosure listed past

12  medical specials (expenses) of $45,653.00 and future medical specials of $23,550.00.  *Id., pg. 6*.  A

13  May 5, 2015 medical report by Dr. Muir, which was disclosed by Plaintiff on October 6, 2015,

14  stated that Plaintiff was a candidate for steroid injections with a total cost of $23,550.00.

15  *Defendant's Motion (#12), Exhibit B*.

16  Plaintiff served a Second Supplement to Disclosure of Witnesses and Documents Pursuant

17  to FRCP 26(a)(1) on October 28, 2015.[1]  On December 21, 2015, Defendant's counsel sent a letter

18  to Plaintiff's counsel stating that the Second Supplement provided medical records from the

19  Surgical Arts Center, but failed to include a damage calculation for that treatment.  Defendant's

20  counsel also noted that Plaintiff served answers to interrogatories on November 9, 2015 which did

21  not disclose the medical bills for her treatment at Surgical Arts Center.  *Defendant's Motion (#12),*

22  *Exhibit C*.  Plaintiff served her Third Supplement to Disclosure of Witnesses and Documents on

23  December 23, 2015, which contained the following additional disclosures:  (a) person most

24  Knowledgeable for Surgical Arts Center, (b) medical records from Surgical Arts Center, and (c)

25  that the Surgical Arts Center expenses were included in the Red Rock Diagnostics records.  The

26  Third Supplement still listed Plaintiff's future medical specials as $23,550.00.  *Defendant's Motion*

27

28  [1] A copy of this disclosure has not been provided as an exhibit.

1  *(#12), Exhibit D, pgs. 3-7.*

2      On December 31, 2015, Defendant's counsel sent a letter to Plaintiff's counsel stating that

3  "[i]n our telephone conversation today, you indicated that Plaintiff is still treating and that you

4  expect she will supplement Plaintiff's damage disclosures with additional claims for medical

5  expenses. I note that Plaintiff's disclosures do not contain an estimated cost for future treatment

6  other than a 'future medical specials' claim of $23,550." *Defendant's Reply (#17), Exhibit A.*

7  Defendant's counsel further noted that the interrogatories served on Plaintiff required her to state

8  the nature and cost of any future medical care. In her answers to the interrogatories served on

9  November 9, 2015, however, Plaintiff objected and responded by stating that the interrogatory

10  "'calls for a medical expert opinion' and that "Plaintiff does not know if Plaintiff will require any

11  further medical treatment or expense.'" *Id.* Defendant's counsel stated that Defendant reserved the

12  right to move to exclude any untimely disclosed damages computation or information.

13      Plaintiff served her Fourth Supplement to Disclosure of Witnesses and Documents Pursuant

14  to FRCP 26(a)(1) on December 31, 2015.[2] This supplement added records from Interventional Pain

15  and Spine Institute for future medical costs, and now listed future medical specials of $43,650.00.

16  *Defendant's Motion (#12), Exhibit E, pgs. 5, 7.*

17      Plaintiff served her Designation of Expert Witnesses on January 21, 2016. *Defendant's*

18  *Motion (#12), Exhibit F.* Plaintiff listed Dr. William Muir as an expert witness and stated that he

19  was expected to provide expert testimony relating to his review of Plaintiff's medical records, and

20  his opinions regarding Plaintiff's past medical care and/or treatment, including the treatment of

21  other medical providers. Plaintiff also stated that Dr. Muir would provide opinions regarding the

22  cause of Plaintiff's injuries and the necessity and reasonableness of her past and future medical

23  expenses. *Id., pg. 2.* The designation attached a January 15, 2016 expert report and Life Care Plan

24  prepared by Dr. Muir which estimates Plaintiff's future medical expenses to be $360,329.00. *Id.,*

25  *pg. 4; See also Docket No. 19, copy of Life Care Plan.*

27  ───────────

28  [2] The court assumes that this Supplement was received by Defendant's counsel after he sent his letter that day.

3

1    Defendant's counsel sent a letter to Plaintiff's counsel on February 3, 2016 which discussed

2    Plaintiff's failure to disclose in her answers to interrogatories, the medical treatment she received in

3    July 2014 for injuries she sustained in a fall in San Diego, California. *Defendant's Motion (#12),*

4    *Exhibit H*. Defendant had independently discovered a medical record showing that Plaintiff was

5    seen on July 3, 2014 for the injuries she received in that accident. *Defendant's Motion (#12),*

6    *Exhibit G*. Plaintiff did not disclose this accident and related information in her answers to

7    interrogatories served on November 9, 2015, or in her first and second supplemental answers to

8    interrogatories served on December 23, 2015 and February 8, 2016. *Defendant's Reply (#17),*

9    *Exhibit B*. In her second supplemental answers served on February 8, 2016, however, Plaintiff

10   described the San Diego accident and stated that she injured her right knee and left elbow for which

11   she received treatment at a medical clinic in Chula Vista, California. *Exhibit B, Second*

12   *Supplemental Answers to Interrogatories. pgs. 5, 8-10.*

13   As discussed above, Defendant's Interrogatory No. 13 asked Plaintiff to state the nature and

14   cost of any future medical treatment and the names of the doctors and/or healthcare providers who

15   informed her that such future treatment will be necessary. Plaintiff objected to this interrogatory on

16   the grounds that it called for a medical expert opinion which Plaintiff is not competent to render

17   and stated that the interrogatory was speculative because "Plaintiff does not know if Plaintiff will

18   require any further medical treatment or expense." In response to Interrogatory No. 14, which

19   asked her to itemize the expenses she had incurred as a result of the accident, Plaintiff listed her

20   medical expenses, including her claim for future medical specials of $23,550.00. *Id., pg. 11*.

21   Plaintiff did not amend or supplement her answers to Interrogatory Nos. 13 and 14 in either her first

22   or second supplemental answers to interrogatories which were served on December 23, 2015 and

23   February 8, 2016.

24   The Court was advised at the hearing that Defendant has taken Plaintiff's deposition and

25   has also deposed Dr. Muir since the instant motion was filed. Plaintiff's counsel also represented

26   that Dr. Muir was requested to provide an expert witness report, including a life care plan,

27   approximately one month before his expert reports were received or disclosed.

28   . . .

4

1

## DISCUSSION

2      Rule 26(a)(1)(A)(iii) of the Federal Rules of Civil Procedure states that "a party must,

3 without awaiting a discovery request, provide to the other parties . . . a computation of each

4 category of damages claimed by the disclosing party–who must also make available for inspection

5 and copying as under Rule 34 the documents or other evidentiary materials, unless privileged or

6 protected from disclosure, on which each computation is based, including materials bearing on the

7 nature and extent of injuries suffered[.]"  Subsection (a)(1)(C) of the rule further states that a party

8 must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless

9 a different time is set by stipulation or court order.  Rule 26(e)(1) states that a party who has made a

10 disclosure under Rule 26(a) must supplement its disclosure "in a timely manner if the party learns

11 that in some material respect the disclosure . . . is incomplete or incorrect, and if the additional or

12 corrective information has not otherwise been made known to the other parties during the discovery

13 process or in writing."

14      The disclosure requirements of Rule 26(a)(1)(A) are designed to accelerate "the exchange

15 of basic information that is needed in most cases to prepare for trial or make an informed decision

16 about settlement."  Advisory Committee Notes to 1993 Amendments to Fed.R.Civ.Pro. 26(a).  *See*

17 *R & R Sails, Inc. v. Insurance Co. of Pa.*, 673 F.3d 1240, 1246 (9th Cir. 2012); and *Jackson v.*

18 *United Artists Theatre Circuit, Inc.*, 278 F.R.D. 586, 592 (D.Nev. 2011).  A plaintiff's computation

19 of damages should provide sufficient detail to enable the defendant to understand the contours of its

20 potential exposure and make informed decisions regarding settlement and discovery.  *Allstate Ins.*

21 *Co. v. Nassiri*, 2011 WL 2977127,*4 (D.Nev. July 21, 2011).  The word "computation"

22 contemplates some analysis beyond merely setting forth a lump sum amount for a claimed element

23 of damages.  *City and County of San Francisco v. Tutor-Saliba Corporation*, 218 F.R.D. 219, 221

24 (N.D.Cal. 2003).  The party seeking damages must also timely disclose its *theory* of damages as

25 well as the computation of those damages.  *24/7 Records, Inc. v. Sony Music Entertainment, Inc.*,

26 566 F.Supp.2d 305, 318 (S.D.N.Y. 2008).  A plaintiff should disclose the basic method or formula

27 by which it contends its damages should or will be calculated even if it cannot identify the specific

28 dollar amount of damages pending further discovery.  *Heerden v. Board of Sup'rs of LSU*, 2011

1   WL 293758, *8 (M.D.La. 2011).  The disclosure should be more specific and in greater detail, the

2   closer it is made to the end of discovery and the trial date.  *Design Strategy, Inc. v. Davis*, 469 F.3d

3   284 295-96 (2d Cir. 2006).

4        *Sender v. Mann*, 225 F.R.D. 645, 650 (D.Colo. 2003) states that "[t]he Rule 26(a)(1)

5   disclosure requirements should be 'applied with common sense in light of the principles of Rule 1,

6   keeping in mind the salutary purposes that the rule is intended to accomplish.  The litigants should

7   not indulge in gamesmanship with respect to the disclosure obligations.'  *See* Advisory Committee

8   Notes to 1993 Amendments to Fed.R.Civ.P. 26(a)."  Because the rule is intended to accelerate the

9   exchange of basic information and requires that the initial disclosures be made within 14 days of

10  the Rule 26(f) conference, the plaintiff has the obligation to gather reasonably available information

11  to prepare and disclose her computation of damages at the outset of the litigation.  As this Court

12  stated in *Jackson v. United Artists Theatre Circuit, Inc.*, 278 F.R.D. at 594, "Rule 26(a)(1)(A)(iii)

13  would be rendered meaningless if a party could avoid its requirements by not obtaining the

14  documents or information needed to prepare the damages computation."  Other judges in this

15  district have stated Rule 26(a)(1)(A)(iii) requires plaintiffs "to make a reasonable forecast of their

16  damages so that the opposing party 'may prepare for trial or make an informed decision about

17  settlement.'" *Montilla v. Wal-Mart Stores, Inc.*, 2015 WL 5458781, at *2 (D.Nev. Sept. 16, 2015).

18  Although Plaintiff argues that there is no such requirement in the language of the rule or in the

19  Advisory Committee Notes, the requirement that plaintiff notify the defendant that she is making a

20  claim for future medical expenses and provide a reasonable estimate of those expenses is consistent

21  with the language of the rule and its purpose.

22       Plaintiff's counsel states that she requested Dr. Muir to prepare an expert report regarding

23  Plaintiff's future medical needs and a life care plan approximately a month before he was disclosed

24  as an expert witness on January 21, 2016.  Plaintiff's counsel should therefore have notified

25  Defendant by at least late December 2015 that Plaintiff was pursuing a claim for future medical

26  expenses beyond those already disclosed and was in the process of obtaining a life care plan for

27  those future expenses.  Plaintiff's counsel could also probably have disclosed this basic information

28  substantially earlier in the discovery period, although the record is not clear in this respect.  The

1   Court therefore finds that Plaintiff's disclosure on January 21, 2016 that she was seeking recovery

2   of damages for future medical expenses substantially beyond those listed in her initial and

3   supplemental Rule 26(a) disclosures was untimely.

4        Rule 37(c)(1) states that if a party fails to provide information or identify a witness as

5   required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply

6   evidence on a motion, or hearing, or at trial, unless the failure was substantially justified or is

7   harmless.  In addition to or instead of this sanction, the court may order the payment of reasonable

8   expenses, including attorney's fees caused by the failure, may inform the jury of the party's failure,

9   and may impose other appropriate sanctions, including any of the orders listed in Rule

10  37(b)(2)(A)(i)-(vi).  The burden is upon the disclosing party to show that the failure to disclose was

11  substantially justified or harmless.  *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101,

12  1107 (9th Cir. 2001) (involving failure to timely disclose expert witness under Rule 26(b)(2)).  A

13  party, however, is not required to establish *both* substantial justification and harmlessness to avoid

14  sanctions under the rule.  *Granados v. Northern Nevada High Speed, LLC*, 2014 WL 5503118,*6

15  (D.Nev. October 30, 2014) ("To survive sanctions, a plaintiff need only show that the later

16  disclosure was substantially justified *or* harmless.  *See* Fed.R.Civ.P. 37(c)(1).  'This is an either/or

17  standard.'  *R & O Constr. Co. v. Rox Pro Int'l Grp., Ltd.*, No 2:09-cv-1749, 2011 WL 2923703, at

18  *3 (D.Nev. July 18, 2011).").  In this case, Plaintiff has not shown that her late disclosure of her

19  substantial claim for future medical expenses was substantially justified.  The issue is whether the

20  late disclosure was substantially harmless such that exclusion of future medical expense claim is

21  not required.

22       Rule 37(c)(1) does not require the court in all instances to exclude evidence as a sanction

23  for late disclosure that is neither justified nor harmless.  In *Design Strategy, Inc. v. Davis*, 469 F.3d

24  at 296, 298, the Second Circuit rejected the view that the exclusion of evidence is mandatory for

25  failure to comply with Rule 26(a).  The court stated that in determining the appropriate sanction,

26  the court should consider the following factors:  (1) the party's explanation for the failure to

27  comply with the disclosure requirement, (2) the importance of the excluded evidence or testimony,

28  (3) the prejudice suffered by the opposing party as a result of having to meet new evidence and (4)

7

the possibility of a continuance.  The Ninth Circuit identified similar factors in *Wendt v. Host International, Inc.*, 125 F.3d 806, 814 (9th Cir. 1997).  *Wendt* states that the court should consider (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the other parties, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions.  Courts are more likely to exclude damages evidence when a party first discloses its computation of damages shortly before trial or substantially after discovery has closed.  *Allstate Ins. Co. v. Nassiri*, 2011 WL 2977127, at *6, citing *CQ Inc. v. TXU Mining Company*, 565 F.3d 268 (5th Cir. 2009); *24/7 Records v. Sony Music Entertainment*, 566 F.Supp.2d 305, 318 (S.D.N.Y. 2008); and *Green Edge Enterprises, LLC v. Rubber Mulch Etc. LLC*, 2009 WL 1383275 (E.D.Mo. 2009).  Courts are more likely to be lenient if the delay can be rectified by a limited extension of the discovery deadline.  *Frontline Medical Associates, Inc. v. Coventry Health Care*, 263 F.R.D. 567, 570 (C.D.Cal. 2009) and *Galentine v. Holland America Line--Westours, Inc.*, 333 F.Supp.2d 991, 994 (W.D.Wash. 2012). *See also Granados v. Northern Nevada High Speed, LLC*, 2014 WL 5503118, at *5.

In *Hoffman v. Construction Protection Services*, 541 F.3d 1175 (9th Cir. 2008), the Ninth Circuit affirmed the district court's order excluding damages evidence where plaintiffs failed to provide a computation of damages until after the pretrial conference and long after the close of discovery.  The court stated that the late disclosure would likely have required the trial court to create a new briefing schedule and perhaps re-open discovery, rather than simply set a trial date. The court also held that the trial court was not required to make a finding of willfulness or bad faith to exclude damages evidence or witnesses based on failure to comply with Rule 26(a).  *Id.* at 1180 (quoting *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) that "implementation of the sanction is appropriate 'even when a litigant's entire cause of action . . . will be precluded.'").

In *R & R Sails, Inc. v. Insurance Co. of Pa.*, 673 F.3d 1240, 1247 (9th Cir. 2012), the trial court excluded plaintiff's compensatory damages evidence because it had not, even on the eve of trial, provided a sufficient computation of damages as required by Rule 26(a)(1)(A)(iii).  Because all of plaintiff's compensatory damages evidence was excluded, the court also barred its claim for

8

punitive damages.  The Ninth Circuit stated that "evidence preclusion is, or at least can be, a
'harsh[]' sanction."  *Id.* at 1247.  It found that the sanction in that case was particularly harsh,
because it not only dealt a fatal blow to plaintiff's entire claim for damages, but in practical terms,
also amounted to the dismissal of a claim.  The court held that before imposing such a severe
sanction, the trial court was required to determine whether the failure to disclose a proper
computation of damages involved willfulness, fault or bad faith, and to also consider the
availability of lesser sanctions.  The court stated:

> [T]his approach accords with the decisions of other circuits.  *See e.g.
> Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296 (2d Cir. 2006)
> (requiring the district court to consider possibility of a continuance);
> *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592,
> 597 (4th Cir. 2003) (requiring consideration of the surprise to the
> party against whom the evidence would be offered and the ability of
> that party to cure the surprise); *Tex. A & M Research Found. v.
> Magna Transp., Inc.*, 338 F.3d 394, 42 (5th Cir. 2003) (requiring
> consideration of the possibility that a continuance would cure
> prejudice to the opposing party).

673 F.3d at 1247-48.

The preclusion sanction sought by Defendant in this case will not result in the dismissal of
Plaintiff's action or preclude her from recovering any damages.  Plaintiff will still be able to pursue
recovery for $45,653.00 in past medical expenses, $23,550.00 in future medical expenses, and
general damages for her past and future pain and suffering.  The Court therefore is probably not
required to find willfulness or bad faith in order to exclude Plaintiff's claim for future damages.  If
the preclusion sanction is granted, however, Plaintiff will be barred from pursuing a substantial
claim for $360,329.00 in future medical expenses.  Although the Court is arguably not required to
do so, it is appropriate to consider whether and to what extent Plaintiff's untimely disclosure was
willful or made in bad faith.  It is also proper to consider whether any harm or prejudice to
Defendant caused by the late disclosure can be rectified by imposition of lesser sanctions and
providing Defendant with an opportunity to respond to Plaintiff's future damages claim.

Defendant has cited numerous decisions by other magistrate judges in this district which
have granted motions to exclude damages evidence based on the plaintiffs' failure to provide timely
disclosures of their computation of damages.  *See Baltodano v. Wal-Mart Stores, Inc.*, 2011 WL

3859724 (D.Nev. August 31, 2011); *Olaya v. Wal-Mart Stores, Inc.*, 2012 WL 3262875 (D.Nev. August 7, 2012); *Smith v. Wal-Mart Stores,* Inc., 2012 WL 4051925 (D.Nev. September 13, 2012); *Shakespeare v. Wal-Mart Stores, Inc.*, 2:12-cv-01064-MMD-PAL, 2013 WL 3491172 (D.Nev. July 10, 2013) (objection to magistrate judge's order overruled by district judge, Order (#78), December 10, 2013); *Patton v. Wal-Mart Stores, Inc.*, 2013 WL 6158461 (D.Nev. November 20, 2013); *Smith v. Wal-Mart Stores, Inc.*, 2014 WL 3548206 (D.Nev. July 16, 2014); *Montilla v. Wal-Mart Stores, Inc.*, 2015 WL 5458781 (D.Nev. September 16, 2015); *Winfield v. Wal-Mart, Inc.*, 2:14-cv-01024-MMD-CWH, 2016 WL 259690 (D.Nev. January 20, 2015) (objection to magistrate judge's order overruled by district judge, Order (#85), March 22, 2016); and *Logan v. Wal-Mart Stores, Inc.*, Case No. 2:15-cv-1115-JCM-VCF, Order (#20), March 4, 2016.

In *Shakespeare v. Wal-Mart Stores*, 2013 WL 2491172, plaintiff waited until the expert witness disclosure deadline to disclose the reports of two medical expert witnesses who opined that plaintiff would need future knee replacement surgery and would incur future medical expenses exceeding $228,000. Prior to the expert witnesses disclosure deadline, plaintiff's counsel affirmatively represented that plaintiff had ceased medical treatment and was not pursuing a wage loss claim. Defendant notified plaintiff's counsel that it was relying on these representations. The evidence established, however, that plaintiff had been examined by the medical experts several months before the expert witness disclosure deadline and that one of the doctors had rendered his "future treatment recommendations well before Plaintiff disclosed this information to Wal-Mart." *Id.* at *1. The plaintiff also did not disclose these physicians or their medical care in answers to interrogatories and plaintiff made no mention of them during her deposition. *Id.* at *6. After the expert disclosures were made, Wal-Mart offered to stipulate to an extension of discovery so that it could obtain an independent medical evaluation of the plaintiff. The plaintiff refused to agree to the extension, however, unless defendant agreed to restrictions on the scope of the examination and any rebuttal opinions which defendant and the court found unreasonable. *Id.* at *2. Based on these circumstances, Judge Leen found that plaintiff's counsel "engaged in a calculated strategy to deprive Wal-Mart of an opportunity to retain its own experts and conduct an IME which the parties stipulated to if Plaintiff claimed to have residual medical issues requiring additional treatment." *Id*

at *7.  The court held that plaintiff's willful and bad faith conduct justified the exclusion of her future damages claims.

In *Stedeford v. Wal-Mart*, 2015 WL 4602301 (D.Nev. July 30, 2015), a case not cited by Defendant, Judge Leen declined to impose the Rule 37(c) exclusion sanction based on plaintiff's alleged untimely disclosure of her future medical expense claims.  In *Stedeford*, the plaintiff stated in her initial disclosures and answers to interrogatories in 2014 that she believed her injuries had interfered with her ability to work and that she believed she might have a loss of work life in the future and that she intended to return work force in 2017 after her youngest child entered middle school.  *Id.* at *3.  Plaintiff disclosed that she previously had cervical fusion surgery and that no additional surgeries had been recommended to her at the time of her disclosures and that whether she would have any future medical damages would depend on how well she recovered after her surgery.  At her subsequent deposition in December 2014, plaintiff testified about her ongoing medical treatment and her belief that her medical condition had recently deteriorated.  The court noted that plaintiff's medical expert, Dr. Dunn, did not opine that Plaintiff was a candidate for a future cervical fusion until March 17, 2015.  Counsel for Plaintiff represented, and the court found him credible, that counsel did not learn of this opinion until Dr. Dunn's office forwarded his report on April 22, 2015, the same date that Dr. Dunn was deposed.  Dr. Dunn was questioned about his report during his deposition and his opinions and reports were provided to Wal-Mart's independent medical examiner and expert who indicated that Dr. Dunn's opinions did not alter his own opinion.  *Id.* at *4.

Wal-Mart strenuously argued that it would have conducted discovery differently and would have retained its own vocational rehabilitation expert if it had known that plaintiff would rely on expert testimony regarding her future wage loss/lost earnings capacity.  Defendant also argued that it would have conducted more intensive discovery regarding plaintiff's medical history and prior treatment if it had known earlier that future surgery would be recommended.  Judge Leen found, however, that Wal-Mart was sufficiently aware of plaintiff's potentially deteriorating condition and "had ample opportunity to question Plaintiff about any past medical conditions and ample time to request any additional medical records before the expert witness disclosure deadline."  *Id.* at *4.

Under the circumstances, the court found that plaintiff did not fail to comply with her Rule 26(a) disclosure obligations.  It held, however, that defendant was entitled to additional time to obtain a rehabilitation expert of its own.  *Id.* at *5.

In *Granados v. Northern Nevada High Speed, LLC*, 2014 WL 5503118, the plaintiff disclosed a life care plan in which he claimed an additional $419,656 in future damages one month before the close of discovery.  In denying the motion to exclude plaintiff's untimely disclosure, the court noted that it had not set a trial date and that plaintiff's "late disclosure has not caused the type of harm contemplated by the Ninth Circuit's orders that have excluded late disclosed damages evidence because NNHS had the opportunity to rebut the evidence of damages, and the evidence certainly was not disclosed immediately before trial.  Accordingly, Granados has met his burden to show that the late disclosure was harmless."  *Id* at *6.

Plaintiff's counsel's conduct in this case lies between the willful misconduct of the plaintiff's attorneys in *Shakespeare* and the reasonable conduct of plaintiff and her counsel in *Stedeford*, or the excusable conduct of plaintiff in *Granados*.  Plaintiff's counsel did not make any affirmative representations that plaintiff had ceased treatment and, by implication, was not making a claim for future medical expenses.  In her initial disclosures in October 2015, Plaintiff disclosed the May 2015 report by Dr. Muir that due to a lack of improvement and her degree of symptoms, Plaintiff was a candidate for steroid injections.  *Defendant's Motion (#12), Exhibit B.*  Plaintiff also disclosed a claim for future medical expenses, albeit without disclosing her intention to obtain an expert opinion to support a much more substantial future medical expense claim.  On December 31, 2015, Plaintiff's counsel informed Defendant that Plaintiff was still treating and that she expected to supplement Plaintiff's disclosures with additional claims for medical expenses.  Plaintiff also disclosed her pre-accident history of back problems and treatment in her answers to interrogatories.  On the other hand, Plaintiff and her counsel were by no means as forthcoming as the plaintiff and counsel in *Stedeford*.  Plaintiff's answers to interrogatories were evasive with respect her potential need for future medical treatment.  She also failed to disclose the San Diego accident until after Defendant's counsel confronted her attorney with this information.

. . .

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

On balance, the Court does not find the type of willfulness or bad faith that supported the imposition of the evidence preclusion sanction in *Shakespeare.*  Nor will Defendant be unfairly prejudiced if Plaintiff's claim for future medical expenses is not excluded.  It appears that Defendant obtained the medical records relating to the treatment of Plaintiff's alleged injuries prior to the disclosure of Dr. Muir's expert witness opinion and life care plan.  Defendant did not depose Plaintiff until after Dr. Muir's expert reports were disclosed on January 21, 2016.  Defendant has also now deposed Dr. Muir and has presumably explored his opinions regarding the cause(s) of Plaintiff's alleged injuries and her alleged future medical needs.  Although Defendant states that it would have conducted more intensive discovery if it had been notified earlier of Plaintiff's future medical expense claim, the only discovery it has specifically identified is an independent medical examination of the Plaintiff and the opportunity to disclose its own medical expert witness.  This probably could have been arranged without the need for any significant extension of the discovery deadline if Defendant had demanded an independent medical examination after it received Plaintiff's expert witness disclosure.  An extension of discovery for this purpose will not delay trial which has not yet been set.  Under these circumstances, exclusion of Plaintiff's claim for future medical expenses based on Dr. Muir's life care plan is not reasonably required as a sanction for Plaintiff's violation of Rule 26(a)(1)(A)(iii).

Although the evidence preclusion sanction is not warranted in this case, imposition of lesser sanctions against Plaintiff's counsel is justified.  Plaintiff's attorneys were clearly on notice of their duty to provide a timely estimate of Plaintiff's claimed future medical expenses once they knew or should have known that such claims would be made.  Plaintiff's objections and responses to interrogatories were also evasive.  The imposition of monetary sanctions on Plaintiff's counsel, in the form of an award of the attorney's fees and expenses incurred by Defendant in pursuing its motion, is an appropriate and sufficient sanction under these circumstances.[3]

. . .

---

[3] It was Plaintiff's counsel's obligation to make proper Rule 26(a)(1)(A)(iii) disclosures and the burden of the sanction should therefore fall on counsel rather than on the client.  Although Defendant has also raised Plaintiff's failure to disclose her prior accident in San Diego, it has not moved for sanctions based on that failure.

The undersigned recognizes that judges in other cases cited by Defendant have been more strict in applying the evidence preclusion sanction for a plaintiff's failure to timely disclose a computation of damages.  The sanction imposed here, however, comports with the courts' recognition in *Design Strategy, Inc. v. Davis* and *R & R Sails, Inc. v. Insurance Co. of Pa.* that evidence preclusion is or can be a harsh sanction, and that even in cases involving very belated disclosures of damages computations, the court should consider the degree of willfulness or bad faith by the plaintiff in failing to make the disclosure, the availability of lesser sanctions and other orders to prevent prejudice to the other party caused by the late disclosures.  Lesser sanctions and other measures are generally more appropriate than evidence preclusion when the disclosure is provided during the discovery period and the delay can be remedied during the existing discovery period or with a limited and brief extension of discovery.  *See e.g, Granados v. Northern Nevada High Speed, LLC, supra.*

Strict imposition of the evidence preclusion sanction solely because the plaintiff unreasonably failed to provide a computation of damages as early as he or she should have, also tends to encourage defendants to file motions for sanctions rather than work out agreements that will reasonably permit them to respond to newly disclosed evidence and defend the claims on the merits.  Nothing stated herein is intended to suggest, however, that the court should not impose the evidence preclusion sanction where plaintiff's violation has been willful and in bad faith, or where the disclosure is made so late as to cause undue delay of the trial or require the reopening or reconducting of discovery that had already been completed.  Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Exclude Plaintiff's Untimely Disclosed Damages and Evidence Pursuant to FRCP 37(c)(1) (#12) is **denied**, in part, and is **granted**, in part, as follows:

1.      Defendant's motion to preclude Plaintiff from introducing evidence of future medical expenses damages is **denied**.  Plaintiff's counsel, however, is required to pay Defendant's reasonable attorney's fees and other expenses incurred in pursuing its motion for sanctions as a result of Plaintiff's counsel's failure to timely disclose a computation of Plaintiff's claim for future medical expenses.

2.      Counsel for Defendant shall, no later than 15 days from entry of this order, serve and file a memorandum, supported by the affidavit of counsel, establishing the amount of attorney's fees and costs incurred in the motion addressed in this order.  The memorandum shall provide a reasonable itemization and description of the work performed, identify the attorney(s) or other staff member(s) performing the work, the customary fee of the attorney(s) or staff member(s) for such work, and the experience, reputation and ability of the attorney performing the work.  The attorney's affidavit shall authenticate the information contained in the memorandum, provide a statement that the bill has been reviewed and edited, and a statement that the fees and costs charged are reasonable.

3.      Counsel for Plaintiff shall have 15 days from service of the memorandum of costs and attorney's fees in which to file a responsive memorandum addressing the reasonableness of the costs and fees sought, and any equitable considerations deemed appropriate for the court to consider in determining the amount of costs and fees which should be awarded.

4.      Counsel for Defendant shall have 11 days from service of the responsive memorandum in which to file a reply.

**IT IS FURTHER ORDERED** that Defendant may obtain an independent medical examination of the Plaintiff by a physician of its choice, and/or designate a medical expert to testify about the cause of Plaintiff's injuries and her need for future medical treatment.  The parties shall submit a proposed stipulation and order or, if necessary, file a motion for a reasonable extension of the discovery and other pretrial deadlines for this purpose.

DATED this 28th day of March, 2016.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge

15